IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCHELLE RHODES, individually, and on behalf of all others similarly situated, | : Civil No. 1:25-CV-1906 :  :  : |
| Plaintiffs, | : (Judge Neary) : |
| v. | : : (Chief Magistrate Judge Bloom) |
| WEST SHORE HOME, LLC, | : : |
| Defendant. | : |

ORDER
====

The background of this order is as follows:

The plaintiff, Rochelle Rhodes, filed this Fair Labor Standards Act action on October 10, 2025, and filed an amended collective and class action complaint on December 23, 2025.[1] The matter has been referred to the undersigned to conduct a settlement conference with the parties, which is scheduled for Friday, February 13, 2026, at 1:00 p.m. at the Sylvia H. Rambo U.S. Courthouse in Harrisburg, Pennsylvania. In our

---

[1] Docs. 1, 25.

scheduling order, we directed that "[a]ll counsel and named parties shall participate in the conference in-person."[2]

The named plaintiff, who resides in North Carolina, has filed a motion for leave to appear at this conference remotely, asserting that permitting her virtual participation will "promote efficiency, reduce unnecessary travel-related burden and expense, and will not prejudice Defendant or interfere with the Court's management of the settlement conference."[3] The defendant opposes the plaintiff's motion, arguing that she has not shown good cause to permit her virtual appearance.[4]

The Local Rules of this court provide that "[p]arties may be required to attend and participate during the settlement session at the discretion of the settlement officer."[5] While the Rules governing conference with a Settlement Officer do not specifically provide for requests to be excused, Rule 16.8.7(d) requires parties engaged in the court's mediation program to show "that personal attendance would impose an extraordinary or

---

[2] Doc. 21 at 1.
[3] Doc. 29 ¶ 8.
[4] Doc. 32.
[5] M.D. Pa. L.R. 16.9.4(a).

2

otherwise unjustifiable hardship[]" in order to be excused from in-person attendance. We find this Rule instructive. The plaintiff chose to file her lawsuit in this forum, and she should reasonably have known that her choice of forum would require her to periodically participate in proceedings here, in the Middle District of Pennsylvania.[6] The expense and inconvenience of traveling to this district to participate in the settlement conference, in our view, do not impose an extraordinary or unjustifiable hardship on the plaintiff, and she has provided no other basis to excuse her in-person participation.

Additionally, it is the undersigned's experience that in person appearances of the named parties provide a more meaningful and fruitful settlement conference void of the many pitfalls and issues associated with electronic appearances.

---

[6] *See e.g.*, *Fallgatter v. EF Educational Tours*, Civ. No. 4:23-CV-1038, 2024 WL 4536456, at *5 (M.D. Pa. Oct. 21, 2024) (requiring the plaintiff to travel from California to this district for a deposition); *Jakubiec v. Camp Nock-A-Mixen, Inc.*, Civ. No. 10-4244, 2011 WL 13381371, at *1 n. 1 (E.D. Pa. July 18, 2011) (requiring an international plaintiff to travel to Pennsylvania for a deposition).

Accordingly, the plaintiff's motion for leave to appear at the settlement conference remotely is DENIED.

So Ordered this 2nd day of February 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge